UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

FRANCISCO LORA,

Defendant.

No. 13-cr-817 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Francisco Lora, who is serving a 96-month prison sentence for narcotics trafficking, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (*see* Doc. No. 98) and for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") (*see* Doc. Nos. 99, 108). For the reasons that follow, both of Lora's motions are DENIED.

I.   **Background**

Between July 2, 2013 and September 16, 2013, Lora arranged multiple heroin sales, with an aggregate quantity of 791.44 grams, to a cooperating witness. (*See* Doc. No. 101 ("PSR") ¶¶ 15–20.) After the final transaction on September 16, law enforcement arrested Lora and two of his co-conspirators. (*Id.* ¶¶ 22, 24.) A grand jury in this District subsequently returned an indictment charging Lora with one count of conspiring to distribute and possess with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and one count of distributing and possessing with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. (Doc. No. 16 ¶¶ 1–5.) The Court released Lora on a $500,000 personal recognizance bond, signed by Lora and several of his friends and family members. (Minute Entry, Sept. 19, 2013.)

After completing a safety-valve proffer pursuant to 18 U.S.C. § 3553(f), in which Lora admitted to his role in the heroin transactions, the Court scheduled a change-of-plea hearing for March 28, 2014. (Doc. No. 28.) But although Lora informed his counsel the night before the proceeding that he planned to attend, he failed to appear. (Doc. No. 37 at 2:8–12.) Since Lora's failure to appear constituted a violation of his bail conditions, the Court issued a warrant for his arrest and forfeited his bond. (Doc. No. 36.)

Six-and-a-half years later, in October 2020, Lora was arrested in the Dominican Republic pursuant to an extradition warrant. (PSR ¶ 25.) Lora did not challenge extradition, and he eventually arrived in the Southern District of New York in March 2021. (Doc. No. 64.) Lora appeared before the Court on June 1, 2021 and pleaded guilty to both counts in the indictment. (*See* Minute Entry, June 1, 2021.)

At the sentencing hearing held on March 30, 2022, the Court determined that Lora's base offense level was 28 because his offenses involved at least 700 grams but less than a kilogram of heroin. (*See* Doc. No. 93 ("Sent'g Tr.") at 12:13–14.) The Court also imposed a two-level enhancement for obstruction of justice in light of Lora's six-year flight, and declined to credit Lora with a three-level reduction for acceptance of responsibility. (*Id.* at 24:24–25; 29:7–10.) The Court, however, granted Lora a two-level safety-valve reduction pursuant to U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2. (*Id.* at 20:16–19.) The Court further determined that Lora belonged in criminal history category I because he had "no prior criminal history of any kind." (*Id.* at 29:13–15.) Based on the total offense level of 28 and Lora's placement in criminal history category I, the Court determined that his advisory Guidelines range was 78 to 97 months' imprisonment. (*Id.* at 29:11–17.)

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court ultimately imposed a within-Guidelines sentence of 96 months' imprisonment. (*Id.* at 59:6–9.) Lora subsequently filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which was entered on the docket December 7, 2022. (Doc. No. 98.) Lora then filed a second *pro se* motion for a sentence reduction, this time pursuant to 18 U.S.C. § 3582(c)(2), which was entered on November 21, 2023. (Doc. No. 99.) On December 8, 2023, the Court appointed counsel to represent Lora in connection with his pending motions. (Doc. No. 103.) Lora's appointed counsel filed a letter in support of Lora's second motion, but not his first. (Doc. No. 108.) The government filed a letter brief opposing both motions on March 12, 2024, (Doc. No. 113) and Lora filed a *pro se* reply to the government's opposition on June 21, 2024 (Doc. No. 114).

**II.     Discussion**

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court, however, may reduce a previously imposed sentence for "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i). A court may also grant a sentence reduction under section 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). Amendment 821 to the Guidelines, which took effect on November 1, 2023 and applies retroactively, provides a two-level reduction in the offense level for defendants who lack any criminal history points and whose offenses did not involve any of the aggravating circumstances listed in the Amendment. *See* U.S.S.G. § 4C1.1(a).

Whether a defendant seeks a sentence reduction under section 3582(c)(1)(A)(i) or section 3582(c)(2), a court may only grant relief "after considering the factors set forth in section 3553(a)

3

to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A), (c)(2). Here, even assuming that Lora meets the requirements for a reduction, the Court remains convinced that his original 96-month sentence is appropriate in light of the section 3553(a) factors.

To begin, Lora committed serious crimes. He pleaded guilty to trafficking and conspiring to traffic almost 800 grams of heroin (PSR ¶ 25), a "very dangerous drug" that both "take[s]" and "diminishes lives" (Sent'g Tr. at 9:17–18, 54:10–11). Trafficking significant quantities of a drug as dangerous and destructive as heroin weighs against a sentence reduction. *See, e.g.*, *United States v. Robinson,* No. 10-cr-789 (NGG), 2025 WL 1425584, at *4 (E.D.N.Y. May 16, 2025). The need for Lora's sentence to reflect the seriousness of his offenses, to promote respect for the law, to protect the public from further crimes by Lora, and to provide both general and specific deterrence therefore counsels against a sentence reduction.

The Court also concludes that a reduction in Lora's sentence would be particularly inappropriate given his obstruction of justice. As the Court explained at sentencing, Lora's flight showed "absolute disrespect for this Court, for the law[,] and for the people who stood behind [him]" (Sent'g Tr. at 56:22–23), requiring "a lot of effort, a lot of time, [and] a lot of energy" from the Court and the government to ultimately return him to the district (*id.* at 56:15–16). To grant a sentence reduction in the face of such an egregious abuse of the Court's trust would fail to promote respect for the law or provide adequate deterrence.

The Court is, of course, mindful of Lora's "health challenges" while in prison, which arguably make his conditions of confinement "harsher than that of a healthy inmate." (Doc. No. 108 at 3–4.) The record reflects that Lora suffers from diabetes, chronic kidney stones, high blood pressure, and numerous other health challenges. (*Id.* at 3.) But while there is little doubt that struggles like these can exacerbate already difficult prison conditions, the Court already factored

4

Lora's health issues into his original sentence (Sent'g Tr. at 31:10–16, 53:10–17), which the Court balanced alongside his years-long flight to the Dominican Republic (*see id.* at 22:13–20), a severe breach of the Court's trust deserving serious punishment. The Court therefore concludes that Lora's continuing health struggles do not warrant a reduction in his sentence.

Finally, Lora contends that there is nothing to "suggest that he presents a risk to public safety" and that "there is nothing about his post-sentencing conduct that would make a sentence reduction inappropriate." (Doc. No. 108 at 4.) The Court acknowledges that, at 62 years old, Lora may pose a lower risk of recidivism than some younger offenders. *See* U.S. Sent'g Comm'n, *Recidivism of Federal Offenders Released in 2010* 25 fig. 12 (2021). The Court also has considered the letters of support provided by Lora's family members and the fact that Lora has taken numerous educational courses while incarcerated. (*See* Doc. No. 99, Exhs. 5–6). But at the end of the day, the Court cannot ignore the fact that Lora committed serious crimes at the age of 50 and subsequently spent more than six years trying to evade accountability for those crimes. Even assuming a comparatively low risk of recidivism, and notwithstanding Lora's significant family support and commendable progress while incarcerated, the Court finds that a sentence reduction is not warranted given the need for his sentence to adequately punish him for the severity of his offenses and subsequent breach of the Court's trust.

Accordingly, the Court remains convinced that Lora's original sentence of 96 months' imprisonment is "sufficient, but not greater than necessary," to accomplish the goals of sentencing in this case. 18 U.S.C. § 3553(a).

**III.     Conclusion**

For these reasons, Lora's motion for compassionate release (Doc. No. 98) and his motion for a sentence reduction (Doc. Nos. 99, 108) are DENIED.  The Clerk of Court is respectfully directed to terminate the motions pending at document numbers 98 and 116.

SO ORDERED.

Dated: August 27, 2025
New York, NY

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation